# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEMA JOHNSON,<br>*Plaintiff*, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 18-CV-3204 |
| ALDI INC., *et al.*,<br>*Defendants*. | :<br>:<br>: |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                        **AUGUST 2, 2018**

Plaintiff Thema Johnson ("Johnson"), proceeding *pro se*, has filed this civil action against Aldi Inc., "Cannon Cochran Management Suc. Inc. (CCMSI)," and "Kyle Golden and Its Agents & Attorney." (ECF No. 2.) She has also filed a motion for leave to proceed *in forma pauperis*. (ECF No. 1.) For the reasons set forth, this Court will grant Johnson leave to proceed *in forma pauperis* and will dismiss her Complaint.

## I.    FACTS

In her complaint, Johnson alleges that on July 29, 2017, she was patronizing the Aldi grocery store in Lansdale, Pennsylvania. (Compl. at 5.)[1] She "opened the fridge to get some eggs or milk" and felt the door scrape over "the big toe on [her] right foot." (*Id.*) The toe was "cracked and bleeding." (*Id.*) Johnson reported the incident to an employee, and a Customer Statement Report was prepared. (*Id.*) She was advised that she "would receive a call or contact from an Aldi Inc. representative." (*Id.* at 2.) Exhibits attached to Johnson's Complaint show that she visited the emergency room at Mercy Fitzgerald Hospital on July 29, 2017. (*Id.* at 6-9.) She

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

was diagnosed with a laceration and received a tetanus shot. (*Id.*) Johnson alleges that her hospital bill amounted to $1,484.50. (*Id.* at 2, 9.)

On August 1, 2017, Johnson received a notice from Kyle Golden, a Claims Representative for CCMSI, and the third-party claims administrator for Aldi, Inc. (*Id.* at 2, 4.) The notice indicated that CCMSI had received notice of the incident that took place on July 29, 2017. (*Id.* at 4.) Golden stated that he had been "assigned to handle the matter" and that an investigation would be initiated. (*Id.*)

In mid-October of 2017, Johnson contacted Golden about the status of the investigation. (*Id.* at 2.) He "advised [her] the investigation was still ongoing and a determination was not reached as of then and he would contact [her] directly as soon as it was available." (*Id.* at 2-3.) Golden contacted her "at a later date with a[] two hundred dollar financial payment." (*Id.* at 3.) Johnson contends that "[a]s of today, July 27, 2018 the offer does not satisfy [her] billing medical expenses, pain or suffering." (*Id.*) She states that she is "seeking the assistance of the Federal Government to challenge the actions taken and determin[e] if punitive damages and/or monetary relief may be awarded in the amount of five thousand dollars plus legal fees." (*Id.*)

## II. STANDARD OF REVIEW

This Court will grant Johnson leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. Accordingly, Johnson's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient

2

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Johnson is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Here, Johnson's Complaint is construed as raising state law personal injury claims against Defendants. The only basis for the Court to exercise subject-matter jurisdiction over such claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." As discussed below, Johnson's Complaint fails to establish that diversity jurisdiction exists.

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Here, Johnson's Complaint alleges that she is a citizen of Pennsylvania. (Compl. at 1.) With respect to the Defendants, Johnson only states that Aldi, Inc. is a resident of Philadelphia, but fails to allege

3

where Aldi, Inc. was incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). She also fails to provide any information regarding the citizenship CCMSI and "Kyle Golden and Its Agents & Attorney," as well as the business form of CCMSI, which is necessary for determining its citizenship. *See, e.g., id.*; *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015) (a plaintiff may allege that an unincorporated association is not a citizen of plaintiff's state of citizenship as long as plaintiff has conducted a reasonable investigation into the matter); *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 ("[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members."). Thus, at this time, the Court cannot determine whether complete diversity exists.

In any event, the amount in controversy does not appear to exceed the jurisdictional threshold. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Punitive damages "must [also] be considered in determining the amount in controversy." *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 165 (3d Cir. 2017) (citations omitted).

Here, the exhibits to Johnson's Complaint indicate that she incurred medical expenses in the amount of $1,484.50. (Compl. at 9; *see id.* at 2.) She states that Golden offered her $200.00, but that this offer did not satisfy her "billing medical expenses, pain or suffering." (*Id.* at 3.) Johnson indicates that she wants to "determin[e] if punitive damages and/or monetary relief may

4

be awarded in the amount of five thousand dollars plus legal fees." (*Id.*) As a plaintiff proceeding *pro se*, Johnson would not be entitled to legal fees. *See Deraffele v. City of Williamsport*, 4:14-CV-1849, 2018 WL 3323464, at *2-3 (M.D. Pa. Mar. 16, 2018), *Report and Recommendation adopted by* 2018 WL 1805037 (M.D. Pa. Apr. 17, 2018). Thus, it appears from the face of the Complaint that Johnson is seeking damages in the amount of $5,000.00, far below the requisite amount in controversy for diversity jurisdiction.[2] Thus, this Court may not exercise diversity jurisdiction over Johnson's claims. If Johnson seeks to pursue her claims, she must proceed in state court.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Johnson leave to proceed *in forma pauperis* and dismiss her complaint for lack of subject-matter jurisdiction. This dismissal will be without prejudice to Johnson's right to refile her claims in state court. Johnson will not be permitted to file an amended complaint, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**NITZA I. QUIÑONES ALEJANDRO, J.**

---

[2] Even if Johnson were seeking actual damages in the amount of $5,000.00, she would need to receive a punitive damages award of $70,000.00 in order to satisfy the amount in controversy requirement. Such an award would result in a ratio of punitive and compensatory damages of 14:1. "While States possess discretion over the imposition of punitive damages, it is well established that there are procedural and substantive constitutional limitations on these awards." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416–17 (2003) (citations omitted). While there is no "bright-line ratio" for courts to apply, "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *Id.* at 425 (explaining that, historically, double, treble, or quadruple damages have been used to deter and punish) (citation omitted). Nothing in the Complaint suggests that the Defendants acted so reprehensibly that such a ratio would be permitted. *See Campbell*, 538 U.S. at 419 (setting forth factors to consider for the reprehensibility analysis).

[3] The Court takes no position with respect to the merits or the timeliness of Johnson's claims.

5